Anthony J. Mavronicolas
Mavronicolas PC
415 Madison Avenue, 18th Floor
New York, New York 10017
Telephone: (212) 2536040
Facsimile: (212) 2026263
amavronicolas@ajm-law.com
Attorneys for Albtelecom Sh. A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| ALBTELECOM SH.A, | Civil No. 16-9001 |
| Petitioner, | |
| V. | **Petition to Confirm Foreign Arbitration Award and Enter Judgment** |
| UNIFI COMMUNICATIONS, INC, | |
| Respondent. | |

---

### PETITION TO CONFIRM A FOREIGN CONSENT ARBITRATION AWARD AND ENTER JUDGMENT THEREON

Pursuant to the United Nations Convention on the Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201, *et. seq.* and the United States Arbitration Act, 9 U.S.C. § 1, *et. seq.* Albtelecom SH.A ("Albtelecom") Petitioner, through its undersigned counsel, hereby petitions this Honorable Court for an order confirming the final consent arbitration award ("Consent Award") of the sole arbitrator Joachim Knoll of the ICC International Court of Arbitration issued in Zurich Switzerland on September 2, 2015 and

an order entering judgment in conformity with the aforesaid consent arbitration award against the Respondent, UNIFI Communications Inc. ("UNIFI")

As grounds therefore, Petitioner states as follows:

## THE PARTIES

1. Petitioner Albtelecom is a company organized and existing under the laws of Albania, having its registered office at Autostrada Tirane-Durres, km 7, Kashar, Tirana, Albania.

2. Upon information and belief, UNIFI is a corporation organized and existing under the laws of New York, having places of business at 60 Broad Street, 38th Floor, New York, NY 10004 and at 245 Park Avenue, 24th Floor, New York, New York, 10167.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this Petition pursuant to 28 U.S.C. § 1331 as arising under the treaties of the United States. The Petition is an action to enforce a foreign arbitration award under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("UN Convention"), 21 U.S.T. 2517 (1958). And pursuant to the Federal Arbitration Act, 9 U.S.C. 1 *et. seq.:* "... action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States" for which this Court has: " …original jurisdiction over such an action or proceeding, regardless of amount in controversy" See 9 U.S.C. § 203.

4. Upon information and belief, UNIFI maintains at least two places of business in Manhattan New York within this Judicial District so that venue is properly set

before this Court pursuant to 28 U.S.C. § 1391(b) where the final consent foreign arbitration award may be confirmed and reduced to judgment. See also 9 U.S.C. § 204.

## FACTS AND PROCEDURAL HISTORY

5. The relevant facts and procedural history in this matter have been set forth in the contemporaneously filed Declaration of Christopher Bolen, counsel in Switzerland for Albtelecom who represented Albtelecom in the arbitration in Switzerland which is the subject of this Petition. ("Bollen Decl.")

6. On August 8, 2006 Albtelecom and UNIFI, entered into a contract for the provision of international telecommunications services. (Bollen Decl. ¶ 2)

7. The choice of law and choice of forum in the August 8, 2006 contract provided:

> 21. GOVERNING LAW AND DISPUTES:
> 21.1 This Agreement shall be governed by the laws of Switzerland.
> 21.2 The parties shall attempt in good faith negotiations to adjust and dispose of any disagreement or dispute, which may arise between them regarding the interpretation, the performance of, or the failure to perform under this Agreement. Should an agreement not be reached between the Parties, the dispute shall be finally settled by arbitration according to the Rules of Conciliation and Arbitration of the International Chamber of Commerce (ICC) by one or more arbitrators appointed in accordance with the said Rules. The arbitration shall be held in Zurich (Switzerland) and shall be conducted in English language. (Bollen Decl. ¶ 3)

8. With a dispute having arisen, on June 29, 2012 Albtelecom as Claimant initiated arbitral proceedings against UNIFI as Respondent at the ICC International Court of Arbitration claiming breach of the August 8, 2006 contract by UNIFI. (Bollen Decl. ¶ 4) The arbitral tribunal was duly constituted on consent of the parties by the appointment of Mr. Joachim Knoll as sole arbitrator on January 11, 2013. (Bollen Decl. ¶ 5) Neither

the validity of the arbitration agreement or the jurisdiction of the sole arbitrator were contested by UNIFI. (Bollen Decl. ¶ 5)

9. On October 15, 2014 counsel for Albtelecom and UNIFI advised the sole arbitrator that the parties were engaged in settlement discussions. (Bollen Decl. ¶ 13) On April 17, 2015 counsel for both parties advised the sole arbitrator that a settlement agreement had been entered into by the parties. (Bollen Decl. ¶ 14)

10. Four days later, on April 21, 2015 the parties asked the sole arbitrator "*to issue a Consent Award which shall in its general part (ground of the award) reproduce the Settlement Agreement and in its decision (ruling) reproduce clause 2 as well as the Annex of the Settlement agreement*". (Bollen Decl. ¶ 14)

11. On September 2, 2015 based on the Parties' request, the sole arbitrator issued a final Consent Award in which Albtelecom was awarded the amount of EUR 1,088,000.00 which Unifi was to pay in 39 monthly installments. (Bollen Decl. ¶ 19)

12. The final Consent Award awarded to Albtelecom the amount of EUR 2,100,000 in one lump sum less any payments already made by UNIFI as provided for in the Consent Award in the event that UNIFI fails to make the scheduled payments on time and fails to cure that default. (Bollen Decl. ¶ 20) The Consent Award further provides that all overdue payments would bear an interest rate of 2.5% per year. (Bollen Decl.¶ 20)

13. No appeal has been taken from the September 2, 2015 Consent Award and the time for taking any appeal has expired. (Bollen Decl. ¶ 18)

14. After the issuance of the Consent Award, Unifi made the September, October and November installment payments in line with the Consent Award. UNIFI thereafter failed to make any further payments and failed to cure its failure to pay as provided for in the Consent Award. Altogether UNIFI has paid to Albtelecom a total amount of EUR 396,000 pursuant to its payment obligations. (Bollen Decl. ¶¶ 21, 22 and 28)

15. The Consent Award should be confirmed and the amount of EUR 1,704,000, entered as a judgment against UNIFI in the amount of EUR 2,100,000 awarded in the Consent Award, less the EUR 396,000 already paid by Unifi. (Bollen Decl. ¶ 28). The Consent Award further provides that the EUR 1,704,000 awarded be paid along with interest of 2.5% since December 15, 2016, the date upon which Unifi failed to make its last installment payment. (Bollen Decl. ¶32).

**GROUNDS FOR CONFIRMATION OF AWARD AND ENTRY OF JUDGMENT**

16. Both the Untied States and Switzerland are signatories of the UN Convention. 21 U.S.T. 2517[1] Article 1 of the UN Convention provides that it shall apply to the recognition and enforcement of arbitration awards made in a nation other than the nation where recognition is sought. The enabling legislation for the UN Convention first provides that the UN Convention shall be enforced in the United States as provided for in the enabling legislation codified in the United States Code. 9 U.S.C. § 201. The enabling legislation further provides that arbitration awards arising out of a legal relationship considered to be commercial fall within the UN Convention for the purposes of recognition and enforcement. 9 U.S.C. § 202. Finally, the Federal Arbitration Act

---

1 Nations that joined the UN Convention by execution and ratification are found at 9 U.S.C. § 201 and online at http:/treaties.un.org

("FAA") is applied for the enforcement of the UN Convention in the United States. 9 U.S.C.§ 201.

17. The Court is empowered under the enabling legislation to enforce foreign arbitration awards falling under the UN Convention:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention. 9 U.S.C. § 207

18. In the matter before the Court this Consent Award arose out of a commercial contract for the provision of telecommunication services between Albtelecom and UNIFI. (Bollen Decl. ¶ 2) As a result of a breach of that contract Albtelecom initiated arbitration proceedings against UNIFI in Switzerland as provided for in the arbitration clause contained in that contract. (Bollen Decl. ¶ 3) That arbitration concluded with the issuance in Switzerland of the Consent Award on September 2, 2015. (Bollen Decl. ¶ 18) UNIFI did not appeal the Consent Award and the time for such an appeal has expired. (Bollen Decl. ¶ 18)

19. Article 5 of the UN Convention set forth five limited grounds upon which the recognition and enforcement of an arbitration award may be denied: 1. the arbitration agreement was invalid or the party entering into that arbitration agreement lacked the capacity to do so, 2. the party against whom the arbitration award is invoked was not given adequate notice of the arbitration proceedings or denied an opportunity to present its case, 3. the award is beyond the scope of the arbitration agreement from which it was arbitrated, 4. the composition of the arbitral authority issuing the award was not in

conformity with either the arbitration agreement or the rules of law governing that arbitration or 5. the arbitration award is not final. 21 U.S.T. 2517. None of those grounds are present in the matter at bar. UNIFI participated in the selection of the arbitrator and contested neither the validity of the arbitration agreement or the jurisdiction of the sole arbitrator to hear the case. (Bollen Decl. ¶ 5) UNIFI, through counsel, fully participated in the arbitration proceedings, agreed to the issuance of the Consent Award and had an opportunity to comment and edit the final Consent Award that was ultimately issued. (Bollen Decl. ¶ 6,9-12) No appeal has been taken from that September 2, 2015 Consent Award and the time for doing so has expired. (Bollen Decl. ¶ 18)

20.     Petitioner Albtelecom has now petitioned, and moves, within three years from the issuance of the September 2, 2015 Consent Award for recognition and confirmation of the Consent Award and entry of judgment against Respondent UNIFI.

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioner respectfully requests the following relief:

1       An Order confirming the September 2, 2015 final Consent Award issued by the ICC International Court of Arbitration.

2.      An Order entering Judgment against the Respondent UNIFI in the amount of $1,805,693.21.

3.      Interest of 2.5% per annum from December 15, 2015 on $1,805,693.21.

4.      Additional interest to be accrued as of the entry of Judgment until such time as it is paid.

5.      The cost of these proceedings and reasonable attorney's fees incurred by Petitioner Albtelecom in these proceedings.

6.     Any and all such other just and equitable remedies which the Court deems appropriate.

New York, New York
November 18, 2016

                          Respectfully Submitted

                          /s/ Anthony J. Mavronicolas
                          Anthony J. Mavronicolas
                          Counsel for Albtelecom SH. A.
                          415 Madison Avenue, 18th Floor
                          New York, New York 10017
                          (212) 2536040 Phone
                          (212) 2026263
                          amavronicolas@ajm-law.com