UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALBTELECOM SH.A,

           Petitioner,

V.

UNIFI COMMUNICATIONS, INC,

           Respondent.

Civil No. 16-9001

Declaration in Support of Petition to Confirm Foreign Arbitration Award and Enter Judgment

---

Christopher Bollen, of full age, declares as follows pursuant to 28 USC § 1746.

    1.    I am an Attorney-at-Law practicing in Geneva Switzerland. I was retained by the Petitioner Albtelecom Sh. A ("Albtelecom") to pursue Albtelecom's contractual claims against Unifi Communications, Inc. ("Unifi") in an arbitration at the ICC International Court of Arbitration.

    2.    On August 8, 2006 Albtelecom, as a corporation authorized and created to establish and operate a public network for the provision of telecommunications services, and Unifi, a New York corporation licensed to establish and operate public networks of international telecommunications services, entered into a contract for the provision of international telecommunications services. (Exhibit 1)

    3.    The choice of law and choice of forum in the August 8, 2006 contract provided:

> 21. GOVERNING LAW AND DISPUTES:
> 21.1 This Agreement shall be governed by the laws of Switzerland.

      21.2 The parties shall attempt in good faith negotiations to adjust and dispose of any disagreement or dispute, which may arise between them regarding the interpretation, the performance of, or the failure to perform under this Agreement. Should an agreement not be reached between the Parties, the dispute shall be finally settled by arbitration according to the Rules of Conciliation and Arbitration of the International Chamber of Commerce (ICC) by one or more arbitrators appointed in accordance with the said Rules. The arbitration shall be held in Zurich (Switzerland) and shall be conducted in English language. (Exhibit 1, p.8)

4. On June 29, 2012 Albtelecom as Claimant initiated arbitral proceedings against Unifi as Respondent at the ICC International Court of Arbitration claiming breach of the August 8, 2006 contract with Unifi and requesting payment from Unifi in the amount of USD 4,609,689 plus interest. (Exhibit 2, p.4, § 6)

5. On January 11, 2013, at the request of the parties, the ICC appointed, Mr Joachim Knoll, as sole arbitrator to hear the parties' dispute. (Exhibit 2, p.6, §16) Unifi did not contest either the validity of the agreement to arbitrate or the appointment of the sole arbitrator in the arbitration proceedings. (Exhibit 2, p.20, §81)

6. On September 14, 2012 Unifi through counsel filed its Answer and Affirmative Defenses to Albtelecom's demand for arbitration related to Albtelecom's claims arising under the August 8, 2006 contract. (Exhibit 2, p.5, §13) On February 8 and 27, 2013, the counsels for Albtelecom and Unifi, under the auspices of the sole arbitrator, negotiated the Terms of Reference and Procedural Order to govern the procedures and timetables of their arbitration. (Exhibit 2, p.7, §18, 20) By March 18, 2013 those negotiations were concluded and the Terms of Reference were thereafter signed by the sole arbitrator and by both Albtelecom and Unifi. (Exhibit 2, p.7, §20)

7.  By the end of February 2013, Albtelecom had paid its share of the advance of costs which were fixed by the ICC Court. Despite several reminders from the ICC Secretariat the Respondent failed to pay its share of the advance on costs in the amount of USD 75,000. (Exhibit 2, p.6, §15 and p.8, §23)

8.  On April 26, 2013, Albtelecom filed its full Statement of Claim including an Expert Report. (Exhibit 2, p.7, §22)

9.  Unifi thereafter filed its full Statement of Defense on July 24, 2013. (Exhibit 2, p.8, §28)

10. On August 26, 2013 Unifi filed its first request for the production of documents which comprised 155 individual requests. (Exhibit 2, p.9, §32)

11. Between the end of August 2013 and August 2014 the arbitration proceeded with disputes over the validity of Unifi's document production requests, new document production requests by Unifi, a request to allow Unifi to inspect Albtelecom's facilities and the issuance of several procedural orders by the arbitrator addressing various disputes concerning the disclosure of documents and adjustments to the arbitration time table. (Exhibit 2, p. 9-14)

12. On August 13, 2014, Albtelecom filed its Rejoinder Statement along with a second expert report. (Exhibit 2, p. 14, §54) Unifi subsequently filed its Rebuttal Submission. (Exhibit 2, p.17 §69)

13. On October 15, 2014 the Parties informed the Arbitrator that they were engaged *"in serious settlement discussions."* (Exhibit 2, p.14 §57)

14. On April 16, 2015 Albtelecom and Unifi entered into a written settlement agreement and informed the sole arbitrator thereof one day later on April 17, 2015.

3

(Exhibit 2, p.24, §96 and p.35, §97) On April, 21 2015, Albtelecom on behalf of both parties asked the sole arbitrator "*to issue a Consent Award which shall in its general part (ground of the award) reproduce the Settlement Agreement and in its decision (ruling) reproduce clause 2 as well as the Annex of the Settlement agreement*". (Exhibit 2, p. 35, §100) By doing so the parties agreed that only the payment provisions of their settlement agreement, which provided for monthly installment payments, and an alternate fixed sum as an award in the event of Unifi's failure to make those agreed monthly installment payments, would be incorporated into the arbitrator's final award.

15.     On June 5, 2015 Albtelecom, on behalf of both Parties a document incorporating part of the procedural case history, the text of the settlement agreement as well as the Parties' agreed text for the monthly payments to be awarded to Albtelecom in the Consent Award. (Exhibit 2, p. 35, §102)

16.     On June 16, 2015 the sole arbitrator provided a draft Consent Award to the Parties for their comments and proposed changes. (Exhibit 2, p.36, §105) On July 3 and 7, 2015 the Parties provided their comments including minor suggestions for changes to the draft Consent Award to the sole arbitrator which the arbitrator accepted and thus adopted into his final draft of the Consent Award. (Exhibit 2, p.36 §106)

17.     The Arbitration proceedings were closed pursuant to Article 27 of the ICC Rules on July 29, 2015. (Exhibit 2, p. 36, §108)

18.     The Consent Award was issued on September 2, 2015. (Exhibit 2, p.41) Unifi did not appeal the award within the 30-day appeal deadline as provided in provision 76 and provision 100 of the Swiss Federal Supreme Court Act. The award therefore became final and binding for both Parties.

19. In the Consent Award Albtelecom was awarded EUR 1,088,000 to be paid by Unifi in 39 monthly installment payments. (Exhibit 2, p.38, § 118 (i))

20. The final Consent Award awarded to Albtelecom the amount of EUR 2,100,000 in one lump sum less any payments already made by Unifi as provided for in the Consent Award in the event that Unifi fails to make the scheduled payments on time and fails to cure that default. (Exhibit 2, p.41, (ii.)) The Consent Award further awarded to Albtelecom interest of 2.5% per year on all overdue payments. (Exhibit 2, p.41, (iii.))

21. On September 16, 2015 Unifi made the September 2015 installment payment of EUR 28,000.

22. Unifi thereafter failed to pay the October and November monthly installment payments on time. Therefore, by letters of November 13 and 27 2015 Albtelecom served on Unifi a "Notice of Failure Pay" the October and November installments.

23. In response to these Notices of Failure to Pay — with a delay of around ninety days — on December 1, 2015 and December 30, 2015, Unifi paid the then overdue October and November 2015 installments in the amount of EUR 28,000 each.

24. Unifi thereafter failed to make any further scheduled payments or cure its failure to timely pay.

25. On October 13, 2016 Albtelecom served Unifi another Notice of Failure to Pay the installments for the months December 2015 to September 2016. (Exhibit 3)

26. Instead, in its letter of October 20, 2016 Unifi refuted Albtelecom's Notice of Failure to Pay on the spurious grounds that: *"any delay in payment occurred with Albtelecom's full knowledge and understanding. Albtelecom cannot claim otherwise*

5

*given that it failed to request payment from Unifi at any time during the last ten months."* (Exhibit 4)

27. Contrary to Unifi's argument, Albtelecom did not agree that Unifi could stop making payments under the Consent Award nor did the Parties agree on a new payment schedule. Consequently, Unifi's refutation was unfounded and only a pretext for Unifi's failure to abide by its payment duties under the Consent Award.

28. To date Unifi has paid to Albtelecom Euro 396,000 in one down payment and seven installment payments. But Unifi defaulted in complying with all its remaining payment obligations as provided for in the Consent Award since December 15, 2015. Albtelecom has therefore been awarded the amount of EUR 1,704,000 as provided for in the Consent Award, based on the EUR 2,100,000 awarded in the Consent Award, less EUR 396,000 already paid by Unifi. The Consent Award further provides that the EUR 1,704,000 be in addition to an award of interest of 2.5% since December 15, 2016. (Exhibit 2, p.41)

November 17, 2016

_____
Christopher Bollen