Anthony J. Mavronicolas
Mavronicolas PC
415 Madison Avenue, 18th Floor
New York, New York 10017
Telephone: (212) 2536040
Facsimile: (212) 2026263
amavronicolas@ajm-law.com
*Attorneys for Albtelecom SH.A.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

_____

ALBTELECOM SH.A,

                    Petitioner,

                                         <u>Oral Argument Requested</u>

                V.                                   Civil No. 16 CV 09001 (PAE)

UNIFI COMMUNICATIONS, INC.

                    Respondent.

_____

PETITIONER ALBTELECOM'S MEMORANDUM OF LAW IN SUPPORT
OF PETITION TO ENFORCE A FOREIGN ARBITRATION AWARD AND IN
OPPOSITION TO RESPONDENT'S CROSS- MOTION TO DISMISS

Mavronicolas PC
415 Madison Avenue, 18th Floor
New York, New York 10017
Telephone: (212) 253-6040
Facsimile: (212) 202-6263
*Attorneys for Albtelecom SH. A*

Of Counsel
Anthony J. Mavronicolas
Peter Dee

PRELIMINARY STATEMENT

This matter comes before the Court as an ICC Arbitral Award issued on September 2, 2015 with a damage award mandating 39 monthly payments to be paid by Respondent Unifi Communications, Inc. ("Unifi") to Petitioner Albtelecom SH.A ("Albtelecom") and in the event of Unifi's failure to pay an alternate damage award requiring Unifi to pay Albtelecom a lump sum payment. The arbitral award was the result of a settlement of all disputes by the parties which requested the issuance of a Consent Award under the arbitration rules of the ICC International Arbitration Court. The Consent Award was drafted by the sole ICC arbitrator, reviewed and final approved by counsel for both parties.

In November of 2015 Albtelecom served Unfi with two Notices of Failure to Pay the October and November  monthly payments. Unifi made two additional late payments at the end of November and December of 2015. Unifi, however, failed to make any further payments between January of 2016 and October 2016. On October 13, 2016 Albtelecom's counsel served Unifi with a third Notice of Failure to Pay any monthly payments between January 2016 and October 2016. On November 21, 2016 Albtelecom filed the instant Petition to Confirm a Foreign Arbitration Award.

Unifi opposes the confirmation of the Consent Award, inter alia, on the grounds that in 2016 Albtelecom agreed to allow Unifi to suspend Unifi's monthly payments under the Consent Award and that Albtelecom agreed to modify the monthly payment schedule of the Consent Award. Albtelecom denies that it ever agreed to either suspend Unifi's monthly payment obligations or to modify the payment schedule of the Consent Award. On the eve of filing its answering papers, three months after the filing of the

instant Petition Unifi demanded arbitration in Geneva under the settlement agreement that precipitated the Consent Award claiming that Albtelecom agreed to the suspension and modification of the payment schedule of the settlement agreement. The Consent Award is a final adjudication of the ICC arbitration process, separate and distinct from the settlement agreement in light of which Unifi has initiated arbitration under in Geneva. This arbitration proceeding arising solely out of the settlement agreement can have no impact on the instant summary proceeding on the Consent Award.

Albtelecom further submits that on the face of the Consent Award alone and the admissions Unifi has made in its answering papers that Unifi failed to make its monthly payments under the Consent Award and that Albtelecom gave Unifi notice in October of 2016 of Unifi's failure to pay as required under the Consent Award, this Honorable Court should enforce the Consent Award in a summary proceeding as required under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, 330 U.N.T.S 38, Chapter 2 of the Federal Arbitration Act, 9 U.S.C. § 201 *et.seq.* ("New York Convention").

<u>STATEMENT OF FACTS</u>

The facts relevant to the instant proceedings are fully set forth in the Declaration of Christopher Bollen ( "Bollen Decl."), the Supplement Declaration of Christopher Bollen ("Bollen S. Decl.)  and the Declaration of Ervin Shpori ("Shpori Decl.") filed herein.

With respect to the most relevant facts contained in those declarations, it is respectfully submitted that the Court should consider the following:

The Petitioner Albtelecom SH.A ("Albtelecom") and the Respondent Unifi Communications, Inc. ("Unifi") entered into an August 8, 2006 contract for the provision of telecommunication service which contained an arbitration clause requiring the submission of dispute to the ICC International Court of Arbitration in Geneva Switzerland. (Bollen Decl. ¶ 2) After a dispute arose under the August 8, 2008 contract Albtelecom initiated arbitration proceedings in Geneva. (Bollen Decl. ¶ 4)   Unifi by its counsel responded by participating in the arbitration commenced by Albtelecom with the appointment of a sole arbitrator, scheduling matters, discovery and additional arbitral proceedings. (Bollen Decl. ¶ 6-12)   Prior to the commencement of hearings, on April 17, 2015 Unifi and Albtelecom, through counsel, notified the sole arbitrator that the parties had settled their dispute by entering into a settlement agreement. (Bollen Decl. ¶ 14)   On April 21, 2015 both counsel for the parties advised the arbitrator that the parties requested the issuance of a consent award which should include their settlement agreement in the general reasoned part of the award and only the payment terms of their settlement agreement in the consent award's ruling. (Bollen Decl. ¶ 14)   On June 16, 2015 the arbitrator provided both counsel with a draft of his proposed consent award for their comments and proposed changes. (Bollen Decl. ¶ 16)   Counsel for the parties responded to the arbitrator's request on July 3 and 7, 2015. (Bollen Decl. ¶ 16)   The Consent Award was issued on September 2, 2015 and no appeal was taken from that award before the expiration of the limitation period for any appeal. (Bollen Decl. ¶ 18)

The Consent Award includes a damage award that awarded Albtelecom EURO 1,008,000 to be paid in 39 monthly installments of EURO 28,000 each but for the final month of EURO 24,000.  (Bollen Decl. ¶ 19-20, Exh.2 p.41)  The 39 monthly installment

payments were to begin on September 16, 2015 and end on November 18, 2018. (Bollen Decl. Exh. 2, p.38 § 118 (i) )   The Consent Award included an alternate damage award that awarded Albtelecom EURO 2,100,000 in the event of Unifi's failure to make its payments as required under the monthly installment payments, less any payment made as of the time of that failure to pay. (Bollen Decl. ¶ 20)

Unifi through the declaration of its CEO Adrian Shatku admits that it made the first monthly installment payment on September 14, 2015, made no payment in October 2015 but made its next payments on November 30, 2015 and December 29, 2015. (Shatku Decl. ¶ 43-44) Unifi through Mr. Shatku admits that no further payments were made by Unifi to Albtelecom until December 28, 2016, January 17, 2017, February 13, 2017 and March 2, 2017. (Shatku Decl. ¶ 43-44)

Prior to the November and December 2015 late payments made after the 16th of each of those months, Albtelecom's counsel served Unifi Notices of Failure to Pay. (Bollen Decl. ¶ 22) On October 16, 2016 after Unifi's failure again to make any payments between December 29, 2015 and October 15, 2016 Albtelecom's counsel served Unifi another Notice of Failure to Pay.  (Bollen Decl. ¶ 25) On October 20, 2016 Unifi's counsel responded to Albtelecom's Notice of Failure to Pay by claiming that: "…any delay in payment occurred with Albtelecom's full knowledge and understanding." (Bollen Decl. ¶ 26) Albtelecom denies that it ever agreed to consent to UNFI's failure to pay. (Bollen S. Decl. ¶ 19-25) In fact, even Unifi's counsel on October 20, 2016 in response to Albtelecom's Notice of Failure to Pay never asserted as Unifi does now that such an agreement had been reached. (Bollen S. Decl. ¶ 25)  Albtelecom filed the instant Petition of Confirm a Foreign Arbitration Award on November 21, 2016.

On December 30, 2016, January 17, 2017. February 13, 2017 and March 2, 2017 Unifi made unsolicited payments of EURO 28,000 to Albtelecom. (Bollen S. Decl. ¶ 14-18) Albtelecom's counsel promptly responded in writing after those payments that the payments would not be accepted as installment payments under the Consent Award, but as partial payments against Albtelecom's claim for $1,805,693.21 in its Petition to Confirm a Foreign Arbitration Award.  (Bollen S. Decl. ¶ 14-18)

In its answering papers, through the Declaration of Mr. Shatku, Unifi claims Albtelecom consented to Unifi's failure to pay as of the end of December 2015 and October 2016 and that Albtelecom agreed to modify the payment schedule of the Consent Award. (Shatku Decl. ¶ 39)   Albtelecom denies both of these claims. (Bollen S. Decl. ¶ 20-25) (Shpori ¶ 11-14)  On the eve of filing its answering papers Unifi commenced arbitration proceedings in Geneva under the parties 2015 settlement agreement claiming Albtelecom consented to both Unifi's failure to pay and agreed to a modified payment schedule. (Hoch Decl, ¶ 34, Exh 2, p.2) This new arbitration proceeding is only based on the April 2015settlement agreement, but not the Consent Award. Id. Consequently, this new arbitration proceeding is without materiality to the instant enforcement summary proceeding.

LEGAL ARGUMENT

I. WHETHER A CONSENT AWARD ISSUED BY THE ARBITRATION FORUM OF
   THE INTERNATIONAL CHAMBER OF COMMERCE IS ENFORCEABLE
   UNDER THE UNITED NATIONS CONVENTION ON THE RECOGNITION  AND
   ENFORCEMENT OF FOREIGN ARBITRAL AWARDS.

Unifi'S initial legal argument is that Albtelecom's Petition to Enforce a Foreign Arbitration Award should be dismissed because under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, Chapter 2 of the Federal

Arbitration Act, 9 U.S.C. § 201 *et.seq.* ("New York Convention"), an ICC Paris Consent Award, is not an "arbitral award". (U.Memo, p.12) In support of that argument Unifi offers the Court no legal authority, but only an excerpt from a "UNCITRAL Secretariat Guide on the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York, 1958) ("UNCITRAL Guide"). Id. The excerpt they cite only notes that during the conference on the proposed New York Convention in 1958, Consent Awards resulting from the settlement by parties were discussed, but "not decided upon". They then argue that because "arbitral awards" are un-defined and "consent awards" not specifically included in the New York Convention, the ICC Geneva Consent Award in this matter is unenforceable under the New York Convention. Id. The argument simply ignores the very structure of the New York Convention and its enabling legislation in Chapter 2 of the Federal Arbitration Act.

The very UNCITRAL Guide Unifi offers its excerpt from first describes one of the principal structural provisions, Article VII(1), of the New York Convention:

> 6.   The New York Convention's pro-enforcement policy is enshrined at article  VII(1), which is considered to be one of its cornerstones. Known a the "more favorable-right" provision , article VII(1) provides that, in addition to the Convention, a party seeking recognition and enforcement shall not be deprived of the right to rely on a more favorable domestic law or treaty.  In accordance with article VII(1), a Contracting state will be in breach of the Convention be enforcing arbitral awards and arbitration agreements pursuant to more liberal regimes than the Convention itself. p.2
>
> http://www.uncitral.org/pdf/english/texts/arbitration/NY-conv/2016_Guide_on_the_Convention.pdf

Moreover, as the UNCITRAL Guide further notes, by applying stricter standards to foreign arbitral awards than to domestic awards, nations ascribing to the treaty would be in breach of their treaty obligations:

6

4.  By imposing stricter rules on recognition and enforcement of foreign arbitral awards, a Contracting State will breach its obligations under the Convention.  This principle is reflected in article III, which grants Contracting States the discretion to determine the applicable rules for recognition enforcement so long as, in doing so, they do not impose "substantially more onerous conditions or higher fees or charges on the recognition or enforcement of arbitral awards. [_] than are imposed on the recognition or enforcement of domestic arbitral awards. p.1

http://www.uncitral.org/pdf/english/texts/arbitration/NY-conv/2016_Guide_on_the_Convention.pdf

The United States Justice Department and the United States State Department in a recent case before the United States Court of Appeals for the Second Circuit successfully argued that using the New York Convention's silence on a point of enforcement is unacceptable. In that recent case, *CBF Industria De Gusa S/A Da Terra Siderurgica Ltda et.al v. Amci Holdings, Inc.et.al.* 2017 U.S. App. LEXIS 3815, (2d Cir. Mar. 2, 2017, Nos. 15-1133-cv(L), 15-1146-cv(CON))  addressing the silence of the New York Convention on a matter of enforcement, in an Amicus Brief the United States took that position unambiguously :

The New York Convention is silent as to execution on judgments arising out of arbitral awards. However, the Convention does require that each Contracting State must "enforce [awards] in accordance with the rules of procedure of the territory where the award is relied upon," and forbids the imposition of "substantially more onerous conditions or higher fees or charges on the recognition or enforcement of arbitral awards to which this Convention applies than are imposed on the recognition or enforcement of domestic arbitral awards." Convention, art. III
Brief for the United States-*amicus curiae* at 8, *DA Terra Siderurgica LTDA v. American Metals Int'l*, Docket No. 15-1133(L), 15-1146

Although Unifi argues that the New York Convention does not define "arbitral awards" it is clear that that the determination of what constituted arbitral awards was left to the contracting states to determine.

The Convention does not define "arbitral awards". During the negotiation

of article 1 the Austrian delegate noted that "it will depend on the law of the State in which an award is to be enforced whether a particular decision is to be regarded as an arbitral award." This suggests that it is up to the courts of the Contracting States where recognition and enforcement is sought to determine when a decision can be characterized as an "arbitral award" under the New York Convention. P.11

http://www.uncitral.org/pdf/english/texts/arbitration/NY-conv/2016_Guide_on_the_Convention.pdf

The enforcement of settlements reduced to arbitration awards is certainly found in case law in the United States. In *United States v. Sperry Corporation* 493 US 52 (1989)[1] the Supreme Court was called up to consider an arbitration award on agreed upon terms arising out of the Algerian Accords arising out of the seizure of US hostages at the US embassy in Iran that provided for arbitration between Iranian and US parties after the rupture of diplomatic relations between Iran and the United States. The Supreme Court, noting the enforcement of that consent award, was called upon to review the scope of the award as considered by the court below. *United States v. Sperry Corporation* at 56

Other courts, both at the lower federal level and the state courts have been called upon to enforce arbitration awards precipitated by settlement agreement between parties that resulted in arbitration awards. In *Bakers Union Factory No. 326 v. ITT Continental Baking Co. Inc.* 749 F 2d. 350,354 (6th Cir, 1984) the court found that an arbitrator's award was bound by the parties' prior settlement agreement. *In re Marriage of Assemi,* 872 P 2d. 1190, 1198 arose out of a settlement agreement in a divorce proceeding that resulted in an arbitral award, which was enforced, by a state court.

Indeed the cases in which the courts are called upon to enforce arbitral awards arising out of settlement agreements are rare presumably because parties customarily

---

[1] Noted by Unifi at page 13, n. 3 U.Memo,p.13

comply with their settlement agreements. Nonetheless, the practice of settlement agreements giving rise to enforceable arbitration awards is well established. See *Domke on Commercial Arbitration* (Third Ed.,2014) Larry E. Edmonson, § 33.5 and Oehmke Commercial Arbitration (Third Ed, 2013) ¶116:1 The practice of rendering arbitral consent awards based on settlements in international arbitrations such as the one at bar is also well recognized, both in domestic arbitrations at the American Arbitration Association's Center for International Dispute Resolution, ICDR Arbitration Rule 32 (1), and even for arbitrations conducted under the UNCITRAL Arbitration Rules. (UNCITRAL Arbitration Rule 34). And certainly, the arbitration rules of the ICC Geneva, which Unifi agreed to participate in specially, provides for the arbitrators to be able to render settlements into arbitral awards. (ICC Arbitration Rule 32)

The enforcement of the instant Consent Award under the New York Convention is thus both appropriate and necessary here where Unifi has refused to comply with the terms of the Consent Award it helped craft.

II. WHETHER THE SEPTEMBER 2, 2015 ICC GENEVA CONSENT AWARD'S ALTERNATE DEFAULT AWARD IS ENFORCEABLE UNDER THE NEW YORK CONVENTION

The September 2, 2015 Consent Award mandated that Unifi make 39 monthly payments to Albtelecom for a total damage award of EUR 1,088,000[2]. (Bollen Decl. Exh. 2 ¶ 118 (i)),p.38) The Consent Award further provided that in the event Unifi failed to make the agreed scheduled payments on time and failed to cure that failure to pay,

---

[2] The conversion rate of dollars to euros on September 2, 2015 was recorded to be .889694 so that EURO 1,088,000 would be convertible to $967,987.07 on that date.

Albtelecom would be entitled to a damage award of EUR 2,100,000, less any payments Unifi may have made prior to that default. (Bollen Decl. Exh. 2 ¶118 (ii ), p.4 )

In the Declaration of Adrian Shatku, CEO of Unifi, he admits that in December 2015 Unifi stopped making the scheduled monthly payments required under the damage award of the September 2, 2015 Consent Award. (Shat. Decl, ¶ 7) Mr. Shatku further admits in his declaration that between September of 2015 and March of 2017 Unifi made only seven monthly payments of EURO 28,000 which totaled EURO 196,000. (Shat. Decl, ¶ 43-44) In contrast, the Consent Award's damages provision required that during that same time period Unifi was required to make 19 monthly payments of EUR 28,000, which would have totaled EUR 532,000. (Bollen Decl. Exh. 2, ¶ 118 (i)) The Consent Award provided as an alternative damage award, that in the event Unifi failed to make its scheduled monthly payments as mandated by the Consent Award, Albtelecom would be immediately entitled to a damage award in the amount of EURO 2,100,000, less any amounts paid by Unifi to Albtelecom as of the date of that default. (Bollen Decl. Exh 2, ¶ 118 (ii )

Mr. Shatku also admits in his declaration that on or about October 13, 2016 Albtelecom's counsel sent Unifi's counsel a Notice of Failure to Pay for Unifi having failed to make any of the monthly payments required under the Consent Award between December 2015 and September 2016. (Shat. Decl, ¶ 41) Mr. Shatku further admits, that despite the Notice of Failure to Pay, Unifi did not make the required payments (Shat. Decl, 43-44). In light of Unifi's admitted failures to pay after demand, Albtelecom is entitled to a lump sum payment of EURO 2,100,00, less any payments Unifi may have made prior to, or after that, failure to pay after demand. (Bollen Decl. Exh.2, 118 (ii) p.

41) To date Unifi has paid in total EURO 508,000 as Mr.Shatku admits in his declaration.(Shat Decl. ¶ 43-44) Thus, the lump sum payment now due under the Consent Award, less the payments already made by Unifi in the form of one down payment of EUR 200,000 and eleven payments of EUR 28'000, totals EURO I,592,000.

.     The Court therefore has before it an arbitral award enforceable under the New York Convention that provided for damages awarded in the form of a monthly payment schedule. Unifi's papers, in the form of Mr. Shatku's Declaration, included the admissions that the entire monthly payments required under the Consent Award's damage provisions had not been complied with and that Unifi in October of 2016 had been put on notice that it had failed to make the payments due under the Consent Award. As such, the face of the Consent Award and the admissions by Unifi satisfy the requirements for payment of the lump sum alternative damage award of EURO 1,592,000 and the enforcement of that amount under the New York Convention as a judgment of this Court.

Unifi concedes in its answering and moving papers that this matter is a summary proceeding. (U.Memo, p.16) In this proceeding Unifi's admission that it has failed to comply with the payment requirements of the Consent Award and that Albtelecom has complied with the Consent Award's notice requirement by sending Unifi a written notice for failing to pay, is clearly an admission against interest. FRE 804(a)(3)

In attempt to escape the consequences of its failures to pay, Unifi now alleges that Albtelecom agreed to defer Unifi's scheduled payments, an allegation Albtelecom has

11

submitted irrefutable evidence to demonstrate is patently false[3]. To support that baseless argument, Unifi has now demanded arbitration at the ICC in Geneva under the settlement agreement that preceded the Consent Award. This arbitration, however, is not under the Consent Award which is a final and binding adjudication separate from this earlier settlement agreement. In fact the this new arbitration is only based upon the settlement as evidenced in Unifi prayer for relief in that arbitration:

> (i) To declare that Claimant and the Respondent have entered into an agreement of deferment according to which Claimant's payment obligations under the Settlement Agreement of 16 April 2015 have been suspended since December 2015 and any suspended payments will be added to the end of the payment schedule.

> (ii) To declare that Respondent has breached its co-operation obligations as set forth in clause 7 of the Settlement Agreement of 16 April 2015. (Hoch Decl, Exh 2,p.2)

In fact the sole arbitrator's damage award was based on his ruling that was different form the payment schedule contained in the settlement agreement as he accounted for payments made after the settlement agreement was finalized.  Both counsel review that decision and accepted it in the final Consent Award. (Bollen Dccl. Exh.2 ¶ 105-6,p36)

In summary based on above stated facts neither the settlement agreement which Unifi now claims a dispute has arisen under, nor the Geneva ICC arbitration Unifi has commenced, raise any factual issue that preclude the Court from conducting the summary proceedings in this matter.

In *GE Transport (Shenyang) Co. v. A-Power Energy Generation Systems* 2016 U.S. Dist. Lexis 81367,p.3  (SDNY) this Court was recently presented with a foreign

---

[3] See Supplemental Declaration of Christopher Bollen and Declaration of Ervin Shpori filed herein.

arbitration award which the Court found fell under the New York Convention. In reviewing the applicable legal standard for enforcing arbitral awards under the New York Convention the Court noted that a party opposing enforcement bears a heavy burden of proving one of the exclusive seven grounds of Article V of the New York Convention. Id. See *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica Inc.* 403 F.3d 85,90 (2d Cir, 2005), *Telenor Mobile Commc'ns AS v. Storm LLC,* 585 F. 3d. 396,405 (2d Cir. 2009) The Court went on to cite three other decisions of the United States Court of Appeals for the Second Circuit to explain that the applicable legal standard included the recognition of a strong public policy in favor of international arbitrations settling disputes efficiently and thereby avoiding protracted expensive litigations so that the court's reviews of arbitral awards under the New York Convention must be "very limited". Id. *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica Inc.* 403 F.3d 85,90 (2d Cir. 2005), *Yusuf Ahmed Alghanim & Sons WLL v. Toys "R" Us Inc.* 126 F. 3d 15,23 (2d Cir.1997), *Willemijn Houdstermaatschappij BV v Standard Microsystems Corp.* 103 F.3d 9,12 (2d.1997)

The Court went on to explain however that petitions to confirm arbitral awards are treated akin to motions for summary judgment in which the petitioner must show that there is no dispute as to material fact, that the petitioner is entitled to judgment as a matter of law and that all permissible inferences must be drawn in the favor of the party opposing recognition.  *GE Transport (Shenyang) Co.* at p.4 Here Unifi has not raised any of the seven grounds found in Article V of the New York Convention to refuse

enforcement of the ICC Geneva's Consent Award.[4] Instead Unifi has attempted to raise a factual issue arising out of the alleged deferment of scheduled payments, which is a matter for arbitration under the settlement agreement and not a matter in the summary proceedings for the enforcement of the Consent Award before this Court. Even taken in the light most favorable to Unifi, those allegations, arising out of an independent agreement, itself subject to arbitration, are not a genuine issue of material fact as to the Consent Award itself, which is unambiguous as to Unifi's payment obligations. Thus, both under the undisputed facts before the Court regarding the Consent Award and the applicable law, the Consent Award should be enforced and judgment entered on the lump sum alternative damage award of EURO 1,592,000.

Enforcing the Consent Award by ordering the entry of judgment on the lump sum alternative damages in the amount of EURO 1,592,000, this Court would be acting well within its powers to interpret the Consent Award. In *Admart AG v. Stephen and Mary Birch*, 475 F.3d 302 (3rd Cir. 2006) a Panel of the United States Court of Appeals for the Third Circuit had before it an appeal from a district court decision which had confirmed a Swiss foreign arbitral award under the New York Convention. In doing so the district court had varied some of the terms of execution contained in the Swiss award. *Admart AG* at 309 When affirming the district court's decision to enforce the award with some variations in the award's execution provisions the Court of Appeals acknowledged the

---

[4] Those seven grounds include: incapacity of party, inadequate notice of appointment of arbitrator, award beyond the scope of submission by parties, arbitration procedure or authorities not in accordance with parties arbitration agreement or law of the place of arbitration, arbitral award not final and enforcement of award contrary to public policy of place where enforcement sought. Article V, New York Convention, Chapter 2 of the Federal Arbitration Act, 9 U.S.C. § 201 *et.seq.*

district court's power to interpret or clarify arbitral awards enforceable under the New York Convention. *Admart AG* at 308. To reach its decision the Third Circuit referred to the leading case of *Parsons & Whitmore Overseas Co. v. Societe Generale De Industrie Du Papier,* 508 F. 2d 969 (2nd Cir. 1974) The Second Circuit in that case affirmed a district court decision confirming an arbitration award under the New York Convention in which the court below had interpreted the award before it to exclude an item of damage the party seeking confirmation sought to have included in the judgment entered on that award. *Parsons & Whitmore Overseas Co*. at 978.  The Second Circuit thus concluded that the lower court's enforcement of the award excluding that item of damages "reflects the most plausible interpretation of [the award]…" Id.

Given the express terms of the Consent Award granting Albtelecom lump sum damages in the event of Unifi's failure to strictly comport with the award's payment schedule, and Unifi's admission that it has indeed failed to make the scheduled payments, interpreting the Consent Award to enforce the Consent Award's lump sum damages would clearly be the only possible interpretation of the Consent Award.

Similarly, Unifi's argument that Unifi's failure to pay the Consent Award only allowed Albtelecom to "claim" the lump sum awarded in some other proceeding would not be a plausible interpretation of the Consent Award. (U.Memo, p.16) The Consent Award permits Albtelecom to "claim forthwith" the lump sum damages upon Unifi's failure to pay. The fact this remedy was included in the damage award makes it obvious that it was part the damage award which is self executing as the use of "forthwith" emphasizes. (Bollen Decl. Exh.2 ¶ 118(ii)) In interpreting what the arbitrator intended with his use of those words "claim forthwith" the Court looks to the intent of the

arbitrator as found in the reading of the entire Consent Award. See *Two Farms Inc. v. Greenwich Insurance Co* 628 App'x 802,804 (2d Cir. 2015) To argue as Unifi does that the arbitrator was only offering the possibility of pursuing a "claim" in another arbitration, rather than being awarded those damages for Unifi's failure to comply with the Consent Award's, is simply implausible.

III. <u>WHETHER THE SEPTEMBER 2, 2015 ICC GENEVA CONSENT AWARD'S PAYMENT SCHEDULE IS ENFORCEABLE UNDER THE NEW YORK CONVENTION</u>

If the Court were not prepared to enforce the Consent Award's lump sum damages, the payment schedule for future payments should be enforced and the past monthly payments that have not been made should be enforced as a lump sum payment. Unifi concedes in its moving papers that if the Consent Award is enforced, judgment could be entered on the Consent Award's payment schedule. (U.Memo, p16) With respect to Unifi's failure to make monthly payments under the Consent Award in the past, Mr.Shatku admits that after the Consent Award was issued Unifi made only seven monthly payments out of the nineteen monthly payments that should have been made to date. (Shat. Decl. ¶ 43-44) (Bollen Decl. Exh.2 ¶ 118 (i)) That resulted in a payment shortfall of EURO 336,000.[5]

The Court's have both confirmed arbitral awards in which the damages were awarded in the form of a payment schedule and have also accelerated payment schedules that have not been executed as required. *Century Indemnity Company et.al. v. AXA Belgium* 2012 U.S. Dist. LEXIS 136472 (SDNY) arose out of a reinsurance dispute that was arbitrated because of one of the reinsures failure to comply with payment schedules.

---

[5] The conversion rate of US dollars to euros on March 16, 20017 was recorded to be .928516 so that EURO 336,000 would be convertible to $ 311,981.38 on that date

The resulting arbitration award in which the arbitrators retained jurisdiction to oversee the proper execution of the payment schedule, which had been awarded, was confirmed by the court despite an opposition grounded on the claim that the arbitrators had exceeded their authority. *Century Indemnity Company et.al.* at 10  In *Sailfrog Software v. The Onerampgroup Inc.* 1998 U.S. Dist. LEXIS 23525 (NDCA) a contract for the sale of software containing a payment schedule included an arbitration clause. After submission of the software seller's claim of non-payment to arbitration, the arbitrators issued an award accelerating the payment schedule.  *Sailfrog Software* at p.4 By doing so the arbitrators adopted and interpreted the payment default provision of the parties' sale contract, converting the payment schedule into a lump sum payment upon default. Id. Confirming the award, the district court found that the arbitrators had not exceeded their authority in issuing such an award as the party opposing confirmation had claimed. Id.

The issue of the power of arbitrators to shape an appropriate remedy ordering parties to perform certain acts, analogous to making periodic payment, arose in *Zeiler v. Deitsch* 500 F.3d 157 (2nd Cir. 2007). In that case an arbitration panel ordered the offending party to undertake periodic accountings of disputed business transactions between partners. *Zeiler* at 163 The district court confirmed the arbitration award in which the arbitrators ordered an accounting of real estate assets, but vacated that part of the award retaining jurisdiction to oversee execution of the award. *Zeiler* at 162 Reviewing the awards under the New York Convention, the Second Circuit affirmed the decision enforcing the eight accounting orders of the award and reversed the lower court's decision not to confirm the award retaining jurisdiction to oversea execution of the award. *Zeiler* at 168 In reaching that decision the court concluded that the repeated

accounting orders were each final decisions entitled to confirmation under the New York Convention. Id.

Accordingly, in the event the Court is not prepared to enforce the lump sum damages awarded to Albtelecom in response to the failure to make periodic payments by Unifi, the Court should enforce the periodic payment awards and a lump sum payment of the periodic payments Unifi has failed to make to date. It should do so by confirming the Consent Award and ordering the entry of judgment of the remaining periodic payments and the defaulted past periodic payments.

IV. <u>WHETHER THE SUMMARY PROCEEDINGS ON THE CONSENT AWARD SHOULD BE STAYED PENDING THE SWISS ARBITRATION ON THE PRIOR SETTLEMENT AGREEMENT</u>

It is well settled that the strong public policy favoring arbitration seeks to accomplish the twin goals of settling disputes efficiently and to avoid lengthy and expensive litigation. *Encyclopaedia Universalis S.A. v Encyclopaedia Britannica Inc.* 403 F.3d 85,90 (2nd Cir. 2005) The stay Unifi seeks would defeat that policy.

Unifi seeks to stay the instant summary proceedings on the September 2, 2015 Consent Award pending a belated arbitration Unifi commenced last week on a separate settlement agreement that lead to the Consent Award. The arbitration demand was ground exclusively on that settlement agreement:

> (I) To declare that Claimant and the Respondent have entered into an agreement of deferment according to which Claimant's payment obligations under the Settlement Agreement of 16 April 2015 have been suspended since December 2015 and any suspended payments will be added to the end of the payment schedule. (Hoch Decl, Exh 2,p.2)[6]

---

[6] Reference to Declaration of Daniel Hochstrasser filed herein.

Thus the factual basis for that demand is the claim that Unifi and Albtelecom agreed to suspend Unifi's payment obligation under the settlement agreement that somehow should impact the Consent Award's payment schedule.  Such an agreement to suspend payments never came about. (Shpori Decl. ¶ 12-14)(Bollen S.Decl. ¶ 20-25) In any case, the Consent Award must be adjudicated in a summary proceeding.  Facts beyond the ambit of that arbitral award, arising out of another document and or alleged oral discussions, should not be the basis for staying these summary proceedings pending an arbitration commenced months after the filing of the Petition to Confirm, on the eve of the filing of Unifi's answer in these proceedings.

The legal standards for staying proceeding are simply not satisfied here. In *Landis et.al. v North American Co.* 299 U.S. 248 (1936) the Supreme Court had occasion to consider the legal standards the courts needed to apply when considering staying a proceeding pending resolution of another proceeding. Mr. Justice Cardozo writing for a unanimous court found that the courts had the discretion to control their dockets, but in doing so by staying proceeding pending the outcome of a proceeding elsewhere, sound discretion required the balancing of hardship over benefit. *Landis at 253-4, 259* But the party seeking the stay must show a "clear case of hardship or inequality". *Landis at 255*

The very cases Unifi sites in support of this argument are either clearly distinguishable on their facts or support the contra argument, that in the exercise of its sound discretion, this Court should deny the stay of these summary proceedings pending the Swiss arbitration.  In *Lasala v. Needham & Co.* 399 F Supp. 2d 421,426-7 (SDNY, 2005) the parties had previously stipulated that the matter to be stayed and the pending action elsewhere where related actions that would resolve complex class action cases. As

a result  that the court exercised its discretion to stay the matter before it. In the earlier case of *Kappel v. Comfort* 914 F Supp. 1056,1058 (SDNY, 1996) the court noted that the burden of proof was on the party seeking the stay. The *Fagan et.al v. Republic of Austria et.al.* 2009 U.S. Dist. LEXIS 42878 (SDNY) case is clearly distinguishable on its facts as it arose out of a mass tort case which granted a stay pending an appeal of the same case on a prior dismissal on the ground of *forum non conveniens.*

Unifi clearly fails to meet its burden of proving that hardship to Unifi outweighs the benefit to Albtelecom in enforcing an arbitral award that Unifi admits it has substantially failed to comply with since December of 2015. The settlement agreement is an agreement between the parties subject to arbitration of disputes arising out of that settlement agreement. The Consent Award as a final decision of another arbitration panel stands alone. Any resolution of the dispute over the alleged agreement to suspend Unifi's payment obligations under the settlement agreement would offer either Unifi or Albtelecom a remedy separate from the remedies contained in the Consent Award. And in any event, Unifi does not argue, nor can it, that an alleged temporary suspension of its payment obligation under the Consent Award discharged it from having to ultimately fully comply with those payment obligations. Thus it would be an exercise of sound discretion for the Court to deny Unifi's request for a stay of these proceedings.

V. WHETHER DISCOVERY AND A SUBSEQUENT HEARINGS ARE NECESSARY
   IN THESE SUMMARY PROCEEDINGS

Unifi argues that this summary proceeding over the Consent Award require discovery of the material facts as to determine whether the parties agreed to suspend Unifi's payment obligations, or whether UNIFE failed its obligations to make monthly damage payments under the Consent Award.  (U.Memo, p19) However, there has been

20

no amendment of the Consent Award by the authority that issued that award. In fact, Unifi has now commenced arbitration under the arbitration clause of the settlement agreement in which Unifi now claims Unifi's payment obligations was suspended.  Thus any unresolved issue of fact arises out of the settlement agreement, not the Consent Award which is unambiguous as to the Unifi's obligation to make monthly payments or to pay a lump sum amount if the failure to pay is not cured.

The very cases Unifi offers in support of this argument for discovery demonstrate that the discovery they seek on the execution of the award by the parties is different from the limited scope of discovery the courts have allowed into the issues of the  scope of arbitrator's authority to issue particular awards. In *HRH Construction LLC v. Local No.1 International Union of Elevator Contractors, 2005 U.S. Dist. LEXIS* 132, p.8 (SDNY) Judge Chin was prepared to consider the need for an evidentiary hearing on the scope of the arbitrator's authority to issue their award, which is not at issue in the matter at bar. Similarly, in *Hoeft v. MVL Group Inc.* 343 F. 3d 57 (2nd Cir. 2003) the court below allowed for the deposition of a sole arbitrator on an issuing regarding their reasoning in reaching their decision. Reversing the district court's decision allowing the arbitrators deposition, and denying the petition to confirm the award as an abuse of discretion, the Second Circuit found that discovery into an arbitrator's bias would have been permissible on a "clear showing of impropriety". *Hoeft at 66 citing Andros Compania Maritima, S.A. v. Marc Rich & Co. S.A.* 579 F.2d 691,702 (2nd Cir.1978)

Here Unifi's claim that a settlement agreement was amended to allow Unifi to suspend payments is simply not an inquiry into the arbitrators conduct as in the cited cases.

To allow this summary proceeding to be delayed to allow discovery into the terms of a settlement agreement not before the Court would defeat the strong public policy mandating the expeditious treatment of arbitral awards falling under the New York Convention.

<u>CONCLUSION</u>

WHEREFORE Petitioner Albtelecom respectfully prays that this Honorable Court enforce the September 2, 2015 Consent Award by ordering the entry of judgment of the lump sum damage award in the amount of $1,805,693.21, plus interest of 2.5% from December 15, 2015, or in the alternative, order entry of judgment of the damage award of the remaining monthly payments together with EURO 336,000 for the aggregated unpaid monthly payments converted to $311,981.38 at the recorded exchange rate on March 16, 2017, plus interest at 2.5% and such other and further relief as the Court deems proper.

New York, New York
March 17, 2017

Mavronicolas PC
/s/ Anthony Mavronicolas
By: Anthony Mavronicolas
(Counsel for Albtelecom SH.A)
415 Madison Avenue, 18th Floor
New York, New York 10017
amavronicolas@ajm-lw.com
(212) 2536040 phone
(212) 2026263 fax