UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALBTELECOM SH.A,　　　　　　　　　　　　16 CV 09001(PAE)

　　　　　　　Petitioner,

V.

　　　　　　　　　　　　　　　　　　Declaration in Support of Petition
　　　　　　　　　　　　　　　　　　to Confirm Foreign Arbitral Award,
　　　　　　　　　　　　　　　　　　Enter Judgment and in Opposition to
　　　　　　　　　　　　　　　　　　Cross-Motion

UNIFI COMMUNICATIONS, INC,

　　　　　　　Respondent.

---

Ervin Shpori, of full age, declares as follows under the penalties for perjury pursuant to 28 USC § 1746.

## I. Introduction

1. I am Chief Legal & Regulation Officer of the Petitioner Albtelecom Sh. A. (**"Albtelecom"**). I have been working at Albtelecom since 2001. I was appointed to the position of Legal Director of Albtelecom in 2008 and the position of Chief Legal and Regulation Officer of Albtelecom in 2013.

2. In my current capacity as the Chief Legal & Regulation Officer (**CLRO**), I report directly to the CEO of the Company for all legal and regulation issues at Albtelecom. Due to this capacity, I work closely with the CEO and I have daily meetings with him. I also report to the Administration Board of Albtelecom on a monthly basis.

3. In my capacity as CLRO, I am in charge of the arbitration case Albtelecom vs. Unifi Communications, Inc. ("**Unifi**"). In the past, I had regular meetings and discussions with Mr. Erkan Tabak, CEO of Albtelecom from February 1, 2013 until November 8, 2016.

## II. Unifi's default

4. On April 16, 2015, Albtelecom and Unifi entered into a written Settlement Agreement. In order to ensure the enforceability of the payment terms as set forth in clause 2 of the Settlement Agreement under the NY Convention, the Parties requested the Sole Arbitrator, Mr. Joachim Knoll, to issue an award by consent. The award by consent was issued on September 2, 2015.

5. In April 2015, Unifi made one down payment to Albtelecom in the amount of Euro 200,000 and thereafter five installment payments of Euro 28,000 each (in May 15, 2015, June 15, 2015, July 16, 2015, August 14, 2015 and September 16, 2015).

6. Unifi thereafter failed to pay the October and November monthly installment payments on time. In response to Albtelecom's two successive filed *"Notices of Failure to Pay"* to Unifi, with a delay of over one month, Unifi finally paid the overdue October installment on December 1, 2015.

7. In December 2015, Mr. Goldberg, counsel for Unifi, requested a meeting between Mr. Shatku and Mr. Erkan Tabak. Albtelecom accepted the invitation under the condition that Unifi would pay the November 2015 installment by the end of 2015, that Unifi would agree to make its January 2016 and subsequent monthly payments according to the payment schedule as per the award by consent and that it would make the December 2015 installment one month after the conclusion of the payment schedule.

8. Whereas Unifi paid its November installment on December 30, 2015, it failed to pay the January 2015 payment. Therefore, at the end of January 2016, Mr. Tabak instructed me to start the procedure for the execution of the award by consent and to engage an attorney in New York respectively. I contacted Mr. Bollen on February 2, 2016 and requested that he support the NY legal office who would follow up on the necessary procedures to recognize and execute the award by consent.

9. Mr. Tabak thereafter signed the retainer letter with Mavronicolas P.C. on March 23, 2016, and retained him for the execution of the award by consent procedure. Albtelecom effectuated the payment of the retainer fee to Mavronicolas P.C. in June 2016.

10. On October 13, 2016, Mr. Bollen served Unifi another Notice of Failure to Pay the installments for the months of December 2015 to September 2016.

### III. Unifi's untruthful allegation on deferment of payments

*11.* Mr. Adrian Shatku, in his Declaration (Section 39), claims that: *"Given the delays we had experienced in reaching a consensus, Mr. Tabak and I agreed that Unifi would be allowed to stop making monthly payments pending the execution of a Traffic Agreement. We also agreed that the monthly payments would be resumed as soon as the parties executed a Traffic Agreement and that any suspended payments would be added to the end of the payment schedule consistent with the agreement reached concerning the December 2015 installment payment."*

12. In this relation, please note that Mr. Tabak never informed me of the said agreement to suspend or defer Unifi's payments in 2016; to the contrary, in light of Unifi's payment delays he insisted that we file a request for execution as explained above.

13. Furthermore, in light of the amount in question, Mr. Tabak would not have been entitled to unilaterally enter into an agreement as claimed by Mr. Shatku. To be valid, any such agreement would have to have been signed by two directors from Albtelecom.

14. As per above, in my capacity as CLRO, I state that, in 2016 and thereafter there has been no indications or decisions from the management or the Board of Albtelecom, or any instruction regarding the suspension or deferral of Unifi's payments or any change to the payment schedule.

March 17th, 2017

Ervin Shpori