USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/30/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ALBTELECOM SH.A,                                            :
                                                            :      16 Civ. 9001 (PAE)
                                          Plaintiff,        :
                                                            :      OPINION & ORDER
                    -v-                                     :
                                                            :
UNIFI COMMUNICATIONS, INC.,                                 :
                                                            :
                                          Defendant.        :
                                                            :
------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      This decision resolves a petition to confirm a foreign arbitration award. On November 18, 2016, petitioner Albtelecom SH.A ("Albtelecom") filed a petition to confirm an arbitration award (the "Award") pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, 9 U.S.C. §§ 201–08 (the "New York Convention"); *see also* 9 U.S.C. § 203 (giving United States district courts original jurisdiction over actions or proceedings falling under the New York Convention). Dkt. 1 (the "Petition" or "Pet."). The 41-page Award, rendered September 2, 2015 by an arbitrator of the ICC International Court of Arbitration ("ICC") on consent of the parties, is against respondent UNIFI Communications, Inc. ("Unifi"). In addition to confirmation of the Award, Albtelecom seeks a damages award from Unifi based on Unifi's alleged breach of the Award. It argues that Unifi's failure, post-Award, to make all payments required by the Award triggers an enhanced damages remedy under the Award. Unifi resists confirmation of the Award, but principally resists Albtelecom's bid for a judgment of damages premised on a finding of breach. Unifi asks the Court to dismiss or stay Albtelecom's petition for confirmation and enforcement.

It notes, *inter alia*, that, after the filing of Albtelecom's petition, Unifi initiated a new ICC arbitration in Switzerland, aimed at examining whether the parties' post-Award communications excused Unifi's obligations under the Award.

For the reasons that follow, the Court confirms the arbitration Award and enters judgment in favor of Albtelecom consistent with the terms of that Award. However, the Court does not reach in this ruling whether Unifi has complied with or breached the Award; whether compliance with the Award was excused in whole or part based on the parties' post-Award dealings; or what, if any, damages may be merited for Albtelecom under the Award to the extent of any non-compliance by Unifi. The Court also does not reach the issue of whether, assuming Albtelecom were continue to pursue a claim of breach, whether this Court is the proper forum to resolve such a claim, or whether such claims are more properly resolved elsewhere (*e.g.*, the ICC arbitration that Unifi represents it has brought in Switzerland).

## I. Background

### A. Factual Background[1]

#### 1. The Arbitral Award

This matter stems from the Contract between Albtelecom and Unifi, entered into on August 8, 2006, for the provision of international telecommunications services. A dispute later

---

[1] The following facts are derived from the Petition; the declaration of Christopher Bollen in support of the Petition, Dkt. 3 ("Bollen Decl."), and the documents attached to the declaration, including the parties' underlying contract ("Bollen Decl. Ex. 1") ("Contract"), and the award of the arbitral panel (Bollen Decl. Ex. 2) ("Award"); Albtelecom's memorandum of law in support, Dkt. 22 ("Albtelecom Br."); the declaration of Ervin Shpori in support, Dkt. 23 ("Shpori Decl."); and the supplemental declaration of Christopher Bollen in support, Dkt. 24 ("Bollen Suppl. Decl."). The Court also considered the following materials submitted by Unifi in opposition to the Petition and in support of its cross-motion to dismiss or stay the Petition: its memorandum of law, Dkt. 20 ("Unifi Mem."), and its reply memorandum, Dkt. 31 ("Unifi Reply Mem."); the declaration of Joseph P. Goldberg, Dkt. 16 ("Goldberg Decl."); the declaration of Adrian Shatku, Dkt. 17 ("Shatku Decl."); the declaration of Daniel Hochstrasser, Dkt. 18 ("Hochstrasser Decl.");

2

arose under the Contract, with Albtelecom claiming that Unifi had not paid Albtelecom fully for its services rendered. Award ¶ 4.

On June 29, 2012, Albtelecom initiated arbitral proceedings against Unifi. Bollen Decl. ¶ 4. It did so pursuant to paragraph 21 of the Contract, which provided that disputes between the parties were to be resolved by arbitration pursuant by an arbitrator appointed by the ICC pursuant to the ICC's rules. Bollen Decl. ¶ 3 (citing Contract ¶ 21). On January 11, 2013, on consent of the parties, an arbitral tribunal, consisting of a sole arbitrator, Joachim Knoll, was constituted. Bollen Decl. ¶ 5; Award ¶¶ 16–17.

Arbitration proceedings proceeded before arbitrator Knoll throughout 2013 and into October 2014. Award ¶¶ 18–56. On October 5, 2014, counsel for Albtelecom and Unifi jointly advised the arbitrator that they were engaged in settlement discussion. Bollen Decl. ¶ 14; Award ¶¶ 57–58. The arbitrator therefore stayed further proceedings, but when these discussions broke down, arbitration proceedings resumed. Award ¶¶ 59–78.

On April 17, 2015, counsel jointly advised the arbitrator that a settlement agreement had been entered into. Bollen Decl. ¶ 14; Award ¶ 96 (reproducing parties' settlement agreement, including detailed payment schedule); *id.* ¶ 97. On April 18, 2015, upon the parties' joint request, the arbitrator stayed the arbitral proceedings and cancelled a scheduled evidentiary hearing. *Id.* ¶ 98. On April 21, 2015, the parties asked the arbitrator "to issue a Consent Award whch shall in its general part (ground of the award) reproduce the settlement agreement and in its decision (ruling) reproduce clause 2 as well as the annex of the Settlement agreement." Bollen

---

the supplemental declaration of Daniel Hochstrasser, Dkt. 21 ("Hochstrasser Suppl. Decl."); and the supplemental declaration of Adrian Shatku, Dkt. 32 ("Shatku Reply Decl.").

Decl. ¶ 14; Award ¶ 100. The parties thereafter furnished the arbitrator with a copy of the settlement agreement. Award ¶ 102.

On June 16, 2015, the arbitrator provided a draft of his proposed Award to the parties, for their review and comment. Award ¶ 106. The parties commented on the draft award, suggesting minor changes which the arbitrator accepted. *Id.* The arbitrator agreed to issue an Award on consent. *Id.* ¶ 115 ("Against this background, and in the absence of any public policy-based concerns against the rendering of an award by consent, the Sole Arbitrator agrees to render an award by consent.") On July 29, 2015, the arbitrator closed the arbitral proceedings, pursuant to Article 27 of the ICC. *Id.* ¶ 106.

The Award was issued September 2, 2015. It awarded Albtelecom the amount of EUR 1,088,000, which Unifi was to pay by bank transfer in 39 monthly installments, which the Award specified by date and amount. Award ¶ 118. The Award further provided that, should Unifi fail to make payments consistent with the schedule it set and fail to cure under the terms provided by the settlement agreement, Albtelecom was entitled to claim EUR 2,100,000 from Unifi. *Id.* The Award further provided that payments overdue under the Award were to "bear interest at the rate of 2.5% per year, and fixed costs of $115,000, which were to be born by Albtelecom." *Id.* Each party was responsible for bearing its own legal and other costs in connection with the arbitral proceedings and the settlement agreement. *Id.* Neither party appealed the Award. Bollen Decl. ¶ 18.

2. **Unifi's Alleged Failure to Pay Under the Award**

Albtelecom alleges that, after the Award issued, Unifi made the first three installment payments under it—due in September, October, and November 2015—although the latter two were paid after the deadline set in the Award. Bollen Decl. ¶¶ 21–23. However, it alleges, Unifi did not make any further payments or cure its failure to timely pay. *Id.* ¶ 24. Albtelecom alleges

4

that after it issued a notice of failure to pay, Unifi responded with the "spurious" claim that "any delay in payment occurred with Albtelecom's full knowledge and understanding." *Id.* ¶ 26. Albtelecom alleges that, as of November 16, 2017, Unifi had paid it only EUR 396,000, and that it is therefore entitled, under the Award to EUR 1,704,000 (the difference between the EUR 2,100,000 to which Albtelecom is due in the event of a failure by Unifi to pay or cure under the Award and the 396,000 it has paid). *Id.* ¶ 28.

### 3. This Action

On November 17, 2016, Albtelecom filed the Petition. The Petition sought confirmation of the Award. The Petition also sought entry of judgment in the amount of EUR 1,805,693.21,[2] plus interest from December 15, 2015 on that sum, and costs and fees. *Id.* ¶ 15 & Prayer for Relief.

On March 3, 2017, Unifi responded, opposing the Petition and cross-moving to dismiss or stay the Petition, Dkt. 14–15, and submitting three supporting declarations, Dkt. 16–18. Unifi recounted much of the same history as Albtelecom. But, Unifi contended, after the Award had issued, the parties had entered into business agreements suspending Unifi's monthly payment obligations. And, it stated, pursuant to that understanding, Albtelecom had foregone sending default notices to Unifi during much of 2016, before it unexpectedly did so in October 2016. *See* Unifi Mem. at 2; *see generally* Shatku Decl. & Exs. A–C.

Unifi's response made three arguments. First, it argued, the New York Convention does not apply to the Award, because it took the form of a consent award. Unifi Mem. at 12. Second, it argued, the Petition should be stayed, because according the terms of the Award, any disputes

---

[2] The Petition does not explain the origins of this figure. It appears to reflect the EUR 1,704,000 Albtelecom contends is due under the award, plus 2.5% interest, but the Petition does not clarify the basis on which that interest calculation was made.

5

arising under the Award, except for disputes relating to Unifi's payments, must be arbitrated in Switzerland. And, Unifi argued, Albtelecom's petition implicates several such provisions of the Award beyond provisions relating to Unifi's payments, including because, it argued, the parties' post-Award agreements implicate Swiss law. *Id.* at 13. To address these issues, Unifi stated, on March 3, 2017, it had initiated a request for arbitration with the ICC. *Id.* at 11; *see generally* Hockstrasser Decl. & Ex. 2. Third, Unifi argued, if the Court confirmed the Petition, the Court should not award Albtelecom a lump-sum judgment (*i.e.*, based on the EUR 2,100,000 provision applicable in cases of uncured default) because there are issues of disputed materials fact as to whether Unifi was excused from its payment obligation, including based on an ensuing oral agreement among the parties about the payment schedule. *Id.* at 15–19.

## II. Discussion

### A. Applicable Legal Standards

Arbitral awards are not self-enforcing. Rather, they "must be given force and effect by being converted to judicial orders by courts." *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14 Civ. 8420 (WHP), 2015 WL 774714, at *1 (S.D.N.Y. Feb. 20, 2015) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006)).

Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201–08, which codifies the New York Convention, governs arbitration agreements that arise from a "legal relationship, whether contractual or not, which is considered commercial," except when those relationships are "entirely between citizens of the United States" and are otherwise domestic in nature. 9 U.S.C. § 202. Applying § 202, the Second Circuit has held that where an agreement to arbitrate "involve[s] parties domiciled or having their principal place of business outside [the United States]," that agreement is governed by the Convention. *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 19 (2d Cir. 1997) (quoting *Bergesen v. Joseph Muller Corp.*,

6

710 F.2d 928, 932 (2d Cir. 1983)). Because Albtelecom, an Albanian concern, is incorporated outside of the United States, the New York Convention governs the Petition. *See Farrell v. Subway Int'l, B.V.*, No. 11 Civ. 08 (JFK), 2011 U.S. Dist. LEXIS 29833, 2011 WL 1085017, at *1 (S.D.N.Y. Mar. 23, 2011) (New York Convention governs arbitration agreements involving "at least one foreign party").[3]

When a party seeks confirmation of an arbitral award under the New York Convention, "[t]he court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207; *see Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005). "Article V of the Convention specifies seven exclusive grounds upon which courts may refuse to recognize an award." *Encyclopaedia Universalis*, 403 F.3d at 90. "The party opposing enforcement of an arbitral award has the burden to prove that one of the seven defenses under the New York Convention applies." *See Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 405 (2d Cir. 2009) (quoting *Encyclopaedia Universalis*, 403 F.3d at 90). "The burden is a heavy one, as the showing required to avoid summary confirmance is high." *Id.* (quoting *Encyclopaedia Universalis*, 403 F.3d at 90).

"Given the strong public policy in favor of international arbitration, review of arbitral awards under the New York Convention is 'very limited . . . in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation.'" *Encyclopaedia Universalis*, 403 F.3d at 90 (ellipses in original) (quoting *Yusuf Ahmed Alghanim & Sons*, 126 F.3d at 23 (additional internal citations omitted)); *accord Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir.

---

[3] Unifi is a corporation organized under New York law and based in Manhattan. Pet. ¶ 2.

7

1997) ("The court's function in confirming or vacating an arbitration award is severely limited." (internal citation and alteration omitted)). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is 'a barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)).

However, "[a] petition to confirm an arbitral award is 'treated as akin to a motion for summary judgment.'" *STX Pan Ocean Shipping Co. Ltd. v. Progress Bulk Carriers Ltd.*, No. 12 Civ. 5388 (RJS), 2013 U.S. Dist. LEXIS 49906, 2013 WL 1385017, at *2 (S.D.N.Y. Mar. 14, 2013) (quoting *D.H. Blair*, 462 F.3d at 109). That is true even if the petition is unopposed. *See D.H. Blair*, 462 F.3d at 110 ("[G]enerally a district court should treat an unanswered . . . petition to confirm/vacate [an arbitral award] as an unopposed motion for summary judgment").

To prevail on a motion for summary judgment, the movant must "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (internal citations omitted). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)) (internal quotation marks omitted).

However, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of

law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) ("[E]ven when a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented." *D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244). Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law[,] . . . a court must grant an order to confirm an arbitration award upon the timely application of a party." *Herrenknecht Corp. v. Best Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007) (citing 9 U.S.C. § 9; *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

**B.     Analysis**

Albtelecom first asks the Court to confirm the Award. Based on its review of the Award and the parties' submissions, and having undertaken the limited review appropriate here, the Court agrees that there is no material issue of fact for trial as to confirmation, and that the Award was properly entered. The face of the Award reflects full participation by both parties in the arbitration process, which had proceeded for more than three years as of the date on which the Award was entered. The Award reflects consent to the terms and the text of the Award, by both parties. It reflects due care by arbitrator Knoll. And the parties' consent to the Award—their stipulation to its terms—provides a sound basis for its entry.

9

Unifi's sole argument against confirmation is that the Award was entered into by consent of the parties, as opposed to being based on an arbitrator's resolution of the factual and legal disputes. Unifi claims that "the parties agreed to settle their dispute outside of arbitration." Unifi Mem. at 13. But that is wrong. The parties here certainly could have dismissed the arbitration in favor of a private settlement agreement. Instead, as the record reviewed above reflects, they affirmatively asked arbitrator Knoll to adopt as part of an ICC arbitral Award, *in haec verba*, the terms of their settlement agreement in the Award. The parties then proceeded, with the arbitrator's consent, to edit the draft Award, to assure that it reflected their agreement. Far from being resolved "outside of arbitration," the parties' dispute, therefore, was ultimately resolved *in* arbitration, based on the parties' stipulation to particular terms as embodied in the Award.

Unifi cites no law to the effect that an Award entered into by an ICC arbitrator, mid-arbitration, with the parties' consent and based on terms agreed to by the parties, is any less binding under the New York Convention than an ICC award entered into after more contentious litigation. There is no reason for such an exception. On the contrary, the opposite rule would discourage resolution of disputes in mid-arbitration. Parties who initiate arbitration under the ICC might be less willing to settle, were the implication of a settlement that the resulting Award would lose its enforceability under the New York Convention. There is indeed limited law on this point, presumably because Awards achieved following the parties' consent are less likely to result in later disputes. But the limited available precedents reflect recognition and enforcement of Awards entered into based on stipulations by the parties. *See, e.g.*, *United States v. Sperry Corp.*, 493 U.S. 52, 56–57 (1989); *Bakers Union Factory No. 326 v. ITT Continental Baking Co., Inc.*, 749 F.2d 350, 354 (6th Cir. 1984); *Bruce Hardwood Floors v. S. Council of Indus. Workers*,

10

8 F.3d 1104, 1107 (6th Cir. 1993); *Voss Steel Employees Union v. Voss Steel Corp.*, 797 F. Supp. 585, 590 (E.D. Mich. 1992), *aff'd*, 16 F.3d 1223 (6th Cir. 1994).

The Court therefore will confirm the arbitral Award. The Court will order entry of judgment as provided in the Award, to wit, that Unifi was required, as of September 2, 2015, to make the 39 monthly installment payments totally EUR 1,088,000, in the amounts and on the dates indicated in the Award, and to comply with the other obligations reflected in the Award. *See* Award ¶ 118.

To the extent, however, that Abltelecom goes further and asks the Court to find a breach of the Award, or that the Award term triggered—upon breach by Unifi and a failure to cure—an obligation to make a larger lump-sum payment (of EUR 2,100,000) to Abltelecom, the Court cannot order that relief based on the present record. As Unifi observes, there are disputed factual issues that preclude entry of such relief. Unifi's declarations contain allegations that, if established, might excuse failure by Unifi to timely make certain installment payments. Unifi's declarations also raise questions, beyond the scope of this decision, about whether the proper forum to resolve its claims that the parties entered into a post-Award agreement supervening its terms is (1) a Swiss court or arbitration panel or (2) this Court, enforcing the judgment entered today that confirms and embodies the terms of the arbitral Award.

The Court's ruling today is therefore limited to confirming the arbitral Award. To the extent Albtelecom continues to pursue in this Court a claim of breach of the Award and of entitlement to the larger lump-sum payment, the Court would first require briefing by the parties. The Court would expect the parties to address (1) whether, in light of Unifi's claim of an ensuing agreement between the parties excusing compliance, a claim of breach is required to be brought elsewhere under the Award and/or the parties' Contract; and (2) if not, whether this Court, as

opposed to another forum such as the arbitration recently initiated in Switzerland by Unifi under the auspices of the ICC, is the proper forum to resolve such a claim. Before any such briefing is initiated, however, the Court expects the parties to confer, with at least the goal of attempting to reach agreement as to the forum in which to resolve Albtelecom's claims of breach, if not more broadly to resolve their overall dispute. The Court directs counsel for Albtelecom to meet and confer with counsel for Unifi within three weeks of this decision. The Court further directs the parties to then submit, by Friday, June 23, 2017, a joint letter stating whether they have agreed on a forum. In the event that one or both of the parties seek to litigate these issues in this Court pursuant to Albtelecom's Petition, the parties' letter is to propose, jointly, an expeditious schedule for addressing the issues presented, and, if litigation is to occur in this Court, for discovery.

To the extent Albtelecom seeks an award of fees and costs, the Court declines to grant such an award at this time. The Court's assessment is that the great majority of the legal work occasioned by the Petition was in turn occasioned by Albtelecom's bid for a judgment premised on a finding of a breach of the Award. Because the Court has not reached that claim and therefore has not rendered that relief, the Court, in its discretion, declines to order payment of fees. This ruling is, however, without prejudice to Albtelecom's ability to bring a later fee application in the event that Albtelecom later prevails on such a claim. As to costs, the Court will order that Unifi recompense Albtelecom for its filing fee in this litigation, because Albtelecom would necessarily have incurred that fee had it initiated an action limited to confirmation of the arbitral Award, relief that the Court has awarded over Unifi's objection.

## CONCLUSION

For the reasons stated herein, the Court grants Albtelecom's petition for confirmation of the arbitral Award entered by the ICC as a judgment of the Court.

The Court, however, denies Albtelecom's petition to the extent that it seeks, based on the present record, judgment and a damages award based on a finding of a breach by Unifi of the terms of that Award. This ruling is without prejudice to Albtelecom's right to pursue such relief, either later in this action following appropriate briefing and fact discovery, or in another action, such as the ICC arbitration pending in Switzerland that Unifi has initiated. The Court also grants Albtelecom's application for costs, limited to its filing fee for this litigation, but otherwise denies Albtelecom's application for fees and costs, without prejudice to renewal. The Court denies Unifi's cross-motion to dismiss Albtelecom's petition.

Counsel for Albtelecom and Unify are directed to meet and confer about the proper forum in which to resolve Albtelecom's claims of breach of the Award, and to submit a joint letter to the Court by Friday, June 23, 2017, consistent with the discussion herein.

The Clerk of Court is respectfully directed to terminate the motions pending at Dkts. 2 and 15.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: May 30, 2017
New York, New York