UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALBTELECOM SH.A, | 16 Civ. 9001 (PAE) |
| Petitioner, | |
| -v- | OPINION & ORDER |
| UNIFI COMMUNICATIONS, INC., | |
| Respondent. | |

PAUL A. ENGELMAYER, District Judge:

This decision resolves the second petition to confirm a foreign arbitral award in this now long-running case. In 2016, petitioner Albtelecom SH.A ("Albtelecom") petitioned this Court to confirm an arbitral award under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, 9 U.S.C. §§ 201–208 ("New York Convention"). In May 2017, the Court did so. Dkt. 36. The Court, however, denied Albtelecom's further request for damages arising from the breach of the award by respondent UNIFI Communications, Inc. ("Unifi"). *Id.* It did so without prejudice to Albtelecom's right to pursue such relief in a separate proceeding, either before the Court or through further arbitration before the International Chamber of Commerce ("ICC") in Geneva. *Id.* In August 2018, after the parties were unable to agree on the proper forum for that next phase of the litigation, the Court issued another decision, directing that further proceedings take place before the ICC. Dkt. 63. Since then, arbitration before the ICC has concluded, and resulted in an award of EUR 904,824.96 and $61,000 to Albtelecom. Before the Court now is Albtelecom's unopposed petition to confirm that award (the "Petition").

For the following reasons, the Court grants the Petition and confirms the Award.

I.      **Background**[1]

The Court assumes familiarity with its prior decisions confirming the first arbitral award

and requiring arbitration before the ICC, from which it draws in recounting background facts

relevant to this decision.

In 2006, Albtelecom and Unifi contracted for the provision of international

telecommunications services.  A dispute later arose under their contract, with Albtelecom

claiming that Unifi had failed to pay it for services it had performed.  In 2012, Albtelecom

commenced arbitral proceedings against Unifi before the ICC.  Bollen Decl. ¶ 3.  In 2015, the

parties proposed to the assigned arbitrator an award enforcing the terms of a settlement they had

reached, which, after further negotiations, the arbitrator issued on September 2, 2015, as a

"Consent Award."  *Id.*  The Consent Award granted Albtelecom EUR 1,088,000 and, if Unifi

failed to make certain monthly payments, raised that amount to EUR 2,100,000.  *Id.* ¶¶ 5–6.

Unifi made its first three payments under the Consent Award, but then stopped paying.  *Id.* ¶ 9.

On November 18, 2016, Albtelecom commenced this action, seeking confirmation of the

Consent Award and judgment in the amount of EUR 1,805,693.21, representing EUR 2,100,000

plus interest, fees, and costs, less amounts paid by Unifi.  *Id.* ¶ 10; Dkt. 1.  On May 30, 2017,

the Court confirmed the Consent Award, requiring Unifi to pay the EUR 1,088,000 awarded.

Dkt. 36.  The Court, however, sought supplemental briefing on whether Albtelecom's claim for

damages arising from Unifi's alleged breach of the Consent Award was subject to arbitration in

the first instance.  *Id.*  On August 28, 2018, the Court held that it was, and, on March 28, 2019,

stayed this case pending arbitration.  *See* Dkts. 57, 63.

---

[1] The following facts are derived from the Petition, Dkt. 71 ("Pet."); the declaration of
Christopher Bollen, Esq., Dkt. 72 ("Bollen Decl."), and attached exhibits; the arbitral award,
Dkt. 72-3 ("Award"); and the Court's prior decisions in this case, Dkts. 36, 57.

On July 8, 2020, the arbitrator issued a 72-page award.  *See* Award.  The arbitrator found

that Unifi had breached the Consent Award by failing to make the payments required and failing

to cure that breach.  *Id.* ¶ 190.  As a result, the arbitrator awarded Albtelecom EUR 700,000 as a

penalty for Unifi's breach under the Consent Award, plus interest at 2.5% per annum from

November 2016 through the Award, legal fees of EUR 127,234, and arbitration costs of $61,000.

*Id.* ¶¶ 190–92, 209.  Unifi has not paid Albtelecom any amounts under the Award.  Pet. ¶ 19.

On November 20, 2020, Albtelecom filed a petition to confirm the Award.  *See id.*  Unifi

has not responded to the petition.  *See* Dkt. 81.

## II.     Legal Standard

Arbitral awards are not self-enforcing.  Rather, they "must be given force and effect by

being converted to judicial orders by courts."  *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 104

(2d Cir. 2006).

Chapter 2 of the FAA, 9 U.S.C. §§ 201–208, which codifies the New York Convention,

governs arbitration agreements that arise from a "legal relationship, whether contractual or not,

which is considered as commercial," unless that relationship is "entirely between citizens of the

United States" and is otherwise domestic in nature.  9 U.S.C. § 202.  Applying § 202, the Second

Circuit has held that where an agreement to arbitrate "involve[s] parties domiciled or having

their principal place of business outside [the United States]," that agreement is governed by the

Convention.  *Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 19 (2d Cir. 1997)

(citation omitted).  Because Albtelecom, an Albanian concern, is incorporated outside of the

United States, the New York Convention governs the Petition.  *See Farrell v. Subway Int'l, B.V.*,

No. 11 Civ. 8 (JFK), 2011 WL 1085017, at *1 (S.D.N.Y. Mar. 23, 2011) (New York Convention

governs arbitration agreements involving "at least one foreign party").

3

When a party seeks confirmation of an arbitral award under the New York Convention, "[t]he court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."  9 U.S.C. § 207; *see Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005). "Article V of the Convention specifies seven exclusive grounds upon which courts may refuse to recognize an award." *Encyclopaedia Universalis*, 403 F.3d at 90.  "The party opposing enforcement of an arbitral award has the burden to prove that one of the seven defenses under the New York Convention applies." *Id.*; *see Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 405 (2d Cir. 2009).  "The burden is a heavy one, as the showing required to avoid summary confirmance is high." *Encyclopaedia Universalis*, 403 F.3d at 90 (quoting *Yusuf Ahmed Alghanim*, 126 F.3d at 23).

"Given the strong public policy in favor of international arbitration, review of arbitral awards under the New York Convention is 'very limited . . . in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation.'" *Id.* (citations omitted) (quoting *Yusuf Ahmed Alghanim*, 126 F.3d at 23); *see also Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) ("[T]he court's function in confirming or vacating an arbitration award is severely limited.").  Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is 'a barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)).

However, "[a] petition to confirm an arbitral award is 'treated as akin to a motion for summary judgment.'" *STX Pan Ocean Shipping Co. Ltd. v. Progress Bulk Carriers Ltd.*, No. 12 Civ. 5388 (RJS), 2013 WL 1385017, at *2 (S.D.N.Y. Mar. 14, 2013) (quoting *D.H. Blair*, 462 F.3d at 109).  That is true even if the petition is unopposed.  *See D.H. Blair*, 462 F.3d at 110 ("[G]enerally a district court should treat an unanswered . . . petition to confirm/vacate [an arbitral award] as an unopposed motion for summary judgment").

To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party.  *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (citation omitted).  In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) ("[E]ven when a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.").  "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary*

*matter is presented.*"  *D.H. Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244).

Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the

arbitrator's jurisdiction, or otherwise was contrary to law[,] . . . a court must grant an order to

confirm an arbitration award upon the timely application of a party."  *Herrenknecht Corp. v. Best*

*Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007) (citing

9 U.S.C. § 9); *see Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984).

## III.   Discussion

### A.   Confirmation of the Arbitral Award

Based on its review of the Award and Albtelecom's submissions, and having undertaken

the limited review appropriate here, the Court agrees that there is no material issue of fact for

trial as to confirmation, and that the Award was properly entered.  As the Court has held, the

parties agreed in the Consent Award to arbitrate all disputes arising out of their settlement.  *See*

Dkt. 57 at 7–8.  And the dispute over Unifi's compliance with the Consent Award "clearly arises

out of" that settlement.  *Id.* at 8.  The sole arbitrator, Joachim Knoll, acted within the scope of

authority granted to him by the settlement agreement.  *See* Award ¶¶ 66–67.  And he concluded,

after a thorough assessment, that Unifi had breached its obligations under the Consent Award

without excuse or justification, *id.* ¶¶ 124–67, that Albtelecom had not breached any agreement,

*id.* ¶¶ 168–89, that Albtelecom was therefore entitled to payment, plus interest, *id.* at ¶¶ 190–98,

and that Albtelecom was entitled to legal costs and costs of the arbitration, *id.* ¶¶ 199–208.

Arbitrator Knoll carefully considered Unifi's counterarguments on each point and found them

generally unavailing.  *See id.* ¶¶ 159–67, 185–89, 194–95.  The face of the Award thus reflects

full participation by both parties in the arbitration process, which had proceeded for more than

three years as of the date on which the Award was entered.  *See* Bollen Decl. ¶ 16 (arbitration ran

from March 2017 to July 2020).  It reflects a thoroughgoing analysis by arbitrator Knoll.

There was, therefore, at least a "barely colorable justification for the outcome reached," *Landy Michaels Realty Corp.*, 954 F.2d at 797, and indeed substantially more. The Court is unaware of any reason why any of the seven exclusive defenses to confirmation and enforcement of a foreign arbitration award under Article V of the New York Convention would apply to the present case. *See* 9 U.S.C. § 207; New York Convention, art. V.

Accordingly, the Court confirms the arbitral award against Unifi and in favor of Albtelecom for a principal amount of EUR 700,000, along with EUR 77,590.96 in interest,[2] EUR 127,234 in legal costs, and $61,000 in arbitration costs. *See* Award ¶ 209.

---

[2] The Court makes two adjustments to Albtelecom's calculation of interest as awarded by the arbitrator. The Arbitrator set forth a methodology for calculating Albtelecom's interest, but did not actually make the relevant calculations. The Arbitrator awarded interest of 2.5% per annum on the full principal amount of EUR 700,000 between November 5, 2016, and February 28, 2020 (*i.e.*, the period from the due date of the EUR 700,000 penalty under the Consent Award until the "end date" claimed by Albtelecom), plus interest at the same rate on 35 shorter periods corresponding to specific late payments by Unifi. *See* Award ¶¶ 197–98. But the Award did not actually apply that methodology to the specific periods or amounts. *Id.*; *id.* ¶ 209. Instead, Albtelecom helpfully attempted to do so. *See* Dkt. 72-5 ("Calculations"). However, from the Court's review, it made two small errors in doing so. First, in applying the 2.5% per annum interest rate to the principal amount for each period set forth in the Award, Albtelecom appears to have divided the 2.5% rate by 365, to obtain a per diem rate of roughly 0.007%, and then applied that rate to the principal amount for each relevant period. *Id.* However, the actual daily rate, as calculated, is slightly lower than the rate Albtelecom used, and Albtelecom appears to have rounded that rate up. In order to effectuate the precise terms of the Award, the Court instead divides the number of days in each period by 365, and applies the full, unrounded 2.5% per annum interest rate to that number. Second, in the Award, the arbitrator decided that the principal amount for the full period between November 5, 2016 and February 28, 2020, was EUR 700,000; the principal amount for 34 of the 35 shorter periods was EUR 28,000; and the principal amount for the last period was EUR 24,000. However, Albtelecom calculated interest for the last period also based on a principal amount of EUR 28,000. *Id.* The Court, instead, uses the correct EUR 24,000 amount from the Award. *See* Award ¶¶ 198(36), 209(36). Making those two adjustments, Albtelecom is entitled to slightly less interest than it posited: EUR 77,590.96 instead of EUR 78,761.67.

B.      **Attorneys' Fees Associated with This Action**

Albtelecom also requests its fees and costs in bringing this action.  *See* Pet. at 10.  In its prior order confirming the Consent Award, the Court denied a similar bid, noting that "the great majority of the legal work occasioned by the Petition was in turn occasioned by Albtelecom's bid for a judgment premised on a finding of a breach of the [Consent] Award," and the Court had not "reached that claim."  Dkt. 36 at 12.  However, the Court noted that such ruling was "without prejudice to Albtelecom's ability to bring a later fee application in the event that Albtelecom later prevails on such a claim."  *Id.*  Albtelecom did, in fact, prevail on that claim.  However, Albtelecom has not presented any further argument as to why it is entitled to fees, any records supporting such fees, or even the amount of fees it seeks.  *See generally* Pet.  Without those records, the Court cannot determine whether Albtelecom is entitled to fees and whether the fees it seeks are reasonable.  Accordingly, the Court again denies, without prejudice, Albtelecom's request for its fees and costs incurred in bringing this action.

C.      **Post-Judgment Interest**

Albtelecom also seeks post-judgment interest.  *See id.* at 10.  Such interest "shall be allowed on any money judgment in a civil case recovered in a district court . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding" the date of the judgment.  28 U.S.C. § 1961(a).  Awards of post-judgment interest under § 1961 are mandatory.  *See Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) (collecting cases).  An order confirming an arbitral award is to be "docketed as if it was rendered in an action," and a judgment in an arbitration must "have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered."  9 U.S.C. § 13.  Accordingly,

8

§ 1961 applies to actions to confirm arbitration.  *See, e.g.*, *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004) (awarding post-judgment interest in an arbitration case). The Court therefore also awards interest to accrue from the date judgment is entered until payment is made.

## CONCLUSION

For the foregoing reasons, the Court grants Albtelecom's petition for confirmation of the arbitral Award entered by the ICC, in the amount of EUR 904,824.96 and $61,000, pursuant to the arbitrator's final award, plus post-judgment interest pursuant to 28 U.S.C. § 1961(a).  The Court denies Albtelecom's request for fees incurred in connection with this proceeding.

The parties are directed to submit a proposed judgment to the Court by April 1, 2021. That judgment shall calculate all amounts in U.S. dollars, converted from Euros as of the date of submission.[3]

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: March 22, 2021
       New York, New York

---

[3] *See, e.g.*, S*ae Sadelmi S.p.A. v. Papua N.G. Elec. Comm'n*, No. 94 Civ. 2959 (SS), 1994 WL 669543, at *2 (S.D.N.Y. Nov. 29, 1994) (Sotomayor, J.) ("As noted, some of the damages and costs awards were expressed in foreign currencies. An American court, however, can only enter a money judgment in U.S. dollars."); *Fils et Cables d'Acier de Lens v. Midland Metals Corp.*, 584 F. Supp. 240, 247 (S.D.N.Y. 1984) (directing conversion of arbitral award from French Francs to U.S. dollars as of date of judgment because "this Court is empowered to award a money judgment expressed only in American dollars").